UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2008 APR 15 P 4: 13

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

SHAYARTO PERKINS,

    Plaintiff,

v.

Civil Action No. 2:08-CV-11254
HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER, et. al.,

    Defendants,

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Shayarto Perkins, ("plaintiff"), presently confined at the Alger Maximum Correctional Facility in Alger, Michigan, has filed a civil rights complaint in this district against the defendants pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that the defendants have conspired to violate his constitutional rights while he was incarcerated at the Alger Maximum Correctional Facility. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

## I. DISCUSSION

In the present case, although three of the four defendants reside in the Eastern District of Michigan, all of the actions complained of by plaintiff took place at the Alger Maximum Correctional Facility in Munising, Michigan, which is located in the Northern Division of the Western District of Michigan. Plaintiff is also currently incarcerated at this facility.

1

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). However, for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Alger Maximum Correctional Facility, which is located in the Western District of Michigan. *See Pierce v.*

2

*Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). In this case, even if some of the alleged conspiracy to violate plaintiff's constitutional rights took place elsewhere in Michigan, all of the alleged violations of plaintiff's constitutional rights took place at the Alger Maximum Correctional Facility, which is located in the Western District. Because the "bulk" of plaintiff's complaint focuses on wrongful acts done to him while he was incarcerated in the Western District, this factor weighs in favor of a transfer to that district. *See Yoder v. Ryan,* 318 F. Supp. 2d 601, 605-06 (N.D. Ill. 2004). In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(*quoting Starnes v. McGuire,* 512 F. 2d 918, 931 (D.C. Cir.1974)). Because the Alger Maximum Correctional Facility was the primary site of the material events in plaintiff's civil rights lawsuit, plaintiff's choice of forum has little weight in the Court's determination. *See Boyd v. Snyder,* 44 F. Supp. 2d 966, 971 (N.D. Ill. 1999). Finally, the files as well as many of the witnesses necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting the plaintiff to this judicial district would be significant. For this reason, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

_____
**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

DATED: 4/11/08

| CIVIL RIGHTS | PRISONER CASE INFORMATION SHEET |
|---|---|
| Case No. 08-11254  Judge: Duggan  M/J: Pepe  Staff Attorney: Besser | |

**Plaintiff's Name and Inmate Number:**

SHAYARTO PERKINS                    Inmate No. 184125

**Petitioner's Attorney/Address:**

**Defendant's Name:**

RAYMOND BOOKER, ET AL

**Name of Correctional Facility:**

Alger Maximum Correctional Facility

Industrial Park Drive
P.O. Box 600
Munising, MI 49862
ALGER COUNTY

---

**To: STAFF ATTORNEYS**  From: CLERK'S OFFICE  ◉ Detroit  ○ Divisional  Clerk's Initials: EW  Date: 03/24/2008

**THE FOLLOWING DOCUMENT(S) HAVE BEEN PLACED IN YOUR ELECTRONIC INBOX:**

**Litigation Printout:** ◉ Yes   ○ No

- [✓] Order Re: Proceeding Without Prepayment of Fees and Costs
- [✓] Civil Rights Information Sheet
- [✓] Order Directing Service Without Prepayment of Fees and Costs
- [✓] Acknowledgment of Receipt of Documents
- [✓] Order to Provide Additional Copies
- [ ] Order to Correct Deficiency
- [ ] Other: _____

**Deficiency:**

◉ Yes   [ ] No IFP Application   [ ] No Fee   [✓] No Copies   [ ] No Signature   [ ] Other:
○ No

**THE FOLLOWING DOCUMENT(S) HAVE BEEN PLACED IN YOUR INBOX IN THE CLERK'S OFFICE:**

- [ ] Motion
- [ ] Request for: _____

---

**To: DISTRICT COURT JUDGE**    From: STAFF ATTORNEYS    S.A. Initials: dhb    Date: 04/01/2008

**THE STAFF ATTORNEY WILL PREPARE THE FOLLOWING DOCUMENT(S):**

- [ ] Order to Show Cause (Three Strikes)
- [ ] Proposed Order of Summary Dismissal (For consideration by a District Judge.*) *This determination is based on a preliminary screening of the pleading. If the Staff Attorneys subsequently conclude that a different disposition of the case is appropriate, they will notify chambers accordingly.
- [ ] Proposed Order of Partial Dismissal (of Defendants(s)) (For consideration by a District Judge.*) *This determination is based on a preliminary screening of the pleading. If the Staff Attorneys subsequently conclude that a different disposition of the case is appropriate, they will notify chambers accordingly.
- [✓] Order of Transfer to: Western District of Michigan-all of the complained of actions happened at the Alger Facility where plaintiff is incarcerated. Will
- [ ] Other: have Magistrate Judge Whalen sign and prepare order.

**ALLEGATIONS/DISCUSSION:**